UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CASTO MANAGEMENT SERVICES, INC., individually, and CHUBB CUSTOM INSURANCE COMPANY, as subrogee of CASTO MANAGEMENT SERVICES, INC.<br>　　　　Plaintiffs,<br>　vs.<br>SWAN SUPER CLEANERS, INC.<br>　　　　Defendant. | CIVIL ACTION NO.: 18-cv-178<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs, Casto Management Services, Inc., individually, and Chubb Custom Insurance Company, as subrogee of Casto Management Services, Inc., by and through its attorneys, upon information and belief, hereby allege the following:

### STATEMENT OF THE CASE

1. This is a civil action under Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613. The Plaintiffs seek to recover costs incurred and to be incurred in conducting actions in response to the release or threatened release of hazardous substances at or from the Great Eastern Owner Limited plaza shopping center located in Whitehall, Ohio.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to CERCLA Section 107 and 113, 42 U.S.C. §§ 9607 and 9613, and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the release and/or threatened release of hazardous substances that give rise to this complaint occurred in this district and because the Site is located in this district.

## PARTIES

4. Plaintiff, Casto Management Services, Inc. ("Casto"), is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business located in Columbus, Ohio.

5. Plaintiff, Chubb Custom Insurance Company, as subrogee of Casto Management Services, Inc. ("Chubb"), is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 15 Mountain View Road, Warren, New Jersey 07061. At all relevant times, Plaintiff Chubb was duly authorized to issue policies of insurance in the State of Ohio.

6. Defendant Swan Super Cleaners, Inc. ("Swan"), is a domestic corporation with its principal office located in Columbus, Ohio. Swan is duly registered with the Ohio Secretary of State to conduct business in the State of Ohio.

## GENERAL ALLEGATIONS

7. Defendant Swan owned and operated a commercial retail dry cleaning facility located at 904R South Hamilton Road, Whitehall, Ohio in the Great Eastern Shopping Center (the "Site") from approximately 1957 through 1992.

8. Plaintiff Casto provides management services to the commercial businesses and stores located in the Site, which is owned by Great Eastern Corporation.

2

9. The Site consists of 1.024 acres situated in a commercial shopping plaza with the remainder of the plaza being actively occupied by other commercial tenants.

10. During the course of its dry cleaning operations, Defendant Swan utilized tetrachloroethene ("PERC") as a solvent for its dry cleaning activities.

11. During the course of its business operations, Defendant Swan allowed PERC to be released and discharged into the groundwater and soil in and around the Site.

12. In approximately February of 2011, investigations conducted by the Plaintiff's insured detected hazardous substances in the groundwater, sediments and soils including, but not limited to tetrachloroethene ("PERC"), trichloroethene ("TCE"), dichloroethene ("DCE"), trans-1, 2-DCE and vinyl chloride.

13. Pursuant to the Ohio Division of Emergency and Remedial Response, Voluntary Action Program, as set forth in Ohio Revised Code § 3646 and the Ohio Administrative Code § 3745-300 (the "VAP"), Casto retained a Certified Professional Remediation Company to perform testing, along with soil and groundwater remediation of the Site.

14. Due to the presence of hazardous substances in the groundwater and soils, and the requirement for their removal and remediation, Casto sustained damages in the total amount of $250,000.00 for response and remediation costs and expenses.

15. The Site is covered as a designated site pursuant to Chubb's Environmental Site Liability Insurance (Policy #3731-25-36) issued by Chubb (the "Policy") to Plaintiff Casto.

16. Pursuant to the terms and conditions of the Policy, Plaintiff, Chubb has made payments to its insured, Casto, for the damages it sustained related to the removal, cleanup

and disposal of the subject soils and remediation of groundwater in the amount of $943,714.93, to date.  It is anticipated that further expenses will be incurred prior to the issuance of a No Further Action letter from the Ohio Environmental Protection Agency.

17. As a result of the aforesaid payments, and pursuant to the Policy and by operation of law, Chubb is subrogated to the rights of its insured against all parties responsible for the occurrence of said damages.

**FIRST CLAIM FOR RELIEF**
(Cost Recovery by the Plaintiffs under CERCLA Section 107, 42 U.S.C. § 9607)

18. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

19. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section —
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . .
>
> from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for —
>
> (C) damages for injury to, destruction of, or loss of natural resources including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

4

20. The Defendant is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

21. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

22. Hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), have been released at the Site, and/or there was a threat of such release at the Site, as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

23. The Plaintiffs have incurred response costs for actions taken in response to the release or threat of release of hazardous substances with respect to the Site through the date of filing of this complaint. The Plaintiffs will continue to incur response costs in connection with the Site in the future.

24. The Plaintiffs' response actions taken with respect to the Site and the costs incurred related to those actions are not inconsistent with the National Contingency Plan, which was promulgated under Section 105(a) of CERCLA, 42 U.S.C. § 9605, and is codified at 40 C.F.R. Part 300 *et seq.* (a/k/a the "National Contingency Plan").

25. The Plaintiffs have satisfied any conditions precedent to the undertaking of response actions, the incurrence of response costs, and the recovery of those costs under Section 107 of CERCLA, 42 U.S.C. § 9607.

26. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the Defendant is jointly and severally liable to the Plaintiffs for all unreimbursed response costs incurred.

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against the Defendant in an amount in excess of $1,193,714.93 together with interest and costs and such other further relief that this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Contribution Action by the Plaintiffs under CERCLA Section 113, 42 U.S.C. § 9613)

27. Plaintiffs repeat and re-allege the proceeding paragraphs, as if set forth at length.

28. Defendants are responsible parties and are liable to Plaintiffs for contribution of all costs resulting from the release of hazardous substances pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613.

29. As set forth above, Plaintiff Chubb is subrogated by operation of law and contract for payments to its insured for those damages.

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against the Defendant in an amount in excess of $1,193,714.93, together with interest and costs and such other further relief that this Court deems just and proper.

Dated:  March 1, 2018              Respectfully submitted,

By:  */s/ Andrew P. Avellano*
Andrew P. Avellano, Esquire (0062907)
Andrew P. Avellano, LLC
4181 E. Main Street
Columbus, OH 43213
Phone: (614) 237-8050
Fax: (614) 237-3505
drewavo@wowway.com

Mark E. Utke, Esquire (0088559)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA  19103
Phone: (215) 665-2164
Fax:    (215) 701-2164
mutke@cozen.com

Attorneys for Plaintiffs